**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00210-CR**
**NO. 09-20-00211-CR**
_____

**SADANTE PROVOST, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 18-29089 & 18-29092**

_____

**MEMORANDUM OPINION**

In open plea agreements, appellant Sadante Provost pleaded no contest to two charges of aggravated robbery. In each case, the trial court found the evidence sufficient to find Provost guilty, deferred adjudication, and placed Provost on community supervision for ten years.

The State subsequently filed a motion to revoke Provost's unadjudicated community supervision in each case. In both cases, Provost pleaded "true" to one

violation of the conditions of his community supervision. In each case, the trial court found three of the allegations of violations of Provost's community supervision to be "true," found Provost guilty of aggravated robbery with a deadly weapon and assessed punishment at forty-five years of confinement. The trial court ordered that the sentences would run concurrently.

On appeal, Appellant's court-appointed attorney filed briefs stating that he has reviewed the cases and, based on his professional evaluation of the records and applicable law, he concluded that the appeals lack merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Provost to file pro se briefs, and Provost filed no response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief in both cases, and we have found nothing that would arguably support an appeal in either case. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it

unnecessary to order appointment of new counsel to re-brief the appeals. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

That said, we find that the written judgments of conviction in these cases contain a non-reversible clerical error. In each case, the trial court's judgment contains a clerical error because it incorrectly states that Provost pleaded "true" to Counts 2, 3, and 4, whereas the reporter's record reflects that he pleaded "true" only to Count 3. This Court has the authority to modify the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b) (providing that the court of appeals may "modify the trial court's judgment and affirm it as modified"); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding that the court of appeals has the power to reform judgments to correct clerical errors). Accordingly, we modify the trial court's judgment in each case to reflect that Provost pleaded "true" to Count 3. We affirm the trial court's judgments as modified.[1]

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on February 12, 2021
Opinion Delivered February 24, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

---

[1] Provost may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.